## UNITED STATES v. F. B. VANDEGRIFT & CO.

(Circuit Court of Appeals, Second Circuit. November 7, 1909.)

No. 68 (5,268).

1. CUSTOMS DUTIES (§ 81*)—RELIQUIDATION AFTER ONE YEAR—"ENTRY."

A manifest clerical error in a liquidation made within one year after original entry cannot be corrected more than one year after such entry, because not within the provision in Customs Administrative Act June 10, 1890, c. 407, § 24, 26 Stat. 140 (U. S. Comp. St. 1901, p. 1987), authorizing the Secretary of the Treasury to correct such errors "within one year from the date of such entry," as the term "entry," as there used, refers to the document filed by the importer on entry.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 197; Dec. Dig. § 81.*

For other definitions, see Words and Phrases, vol. 3, pp. 2405–2408.]

2. CUSTOMS DUTIES (§ 81*)—CONSTRUCTION—SPECIFIC PROVISION—LATEST LEGISLATIVE DELIVERANCE.

Inasmuch as Customs Administrative Act June 10, 1890, c. 407, § 24, 26 Stat. 140 (U. S. Comp. St. 1901, p. 1987), relating to the correction of "manifest clerical errors," is the latest deliverance on that subject and relates most specifically thereto, it controls over Act June 22, 1874, c. 391, § 21, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986), relative to the "settlement of duties," and Act March 3, 1875, c. 136, § 1, 18 Stat. 469 (U. S. Comp. St. 1901, p. 1986), relative to the "correction of errors in liquidation."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 81.*]

3. CUSTOMS DUTIES (§ 81*)—"MANIFEST CLERICAL ERROR"—MISCALCULATION.

Where, in liquidation, the clerk miscalculated the number of square yards in an imported fabric, this constituted a "manifest clerical error," within the meaning of Customs Administrative Act June 10, 1890, c. 407, § 24, 26 Stat. 140 (U. S. Comp. St. 1901, p. 1987).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 197; Dec. Dig. § 81.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision (166 Fed. 1017) of the Circuit Court, Southern District of New York, affirming a decision of the Board of General Appraisers (G. A. 6,737, T. D. 28,848), sustaining appellees' protest against reliquidation of the duties assessed on a certain importation of carpets.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Thomas M. Lane, of counsel), for the United States.

Walden & Webster (Henry J. Webster, of counsel), for importers.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The paper entry was filed at the custom house on January 6, 1906, at which time the estimated duties were paid. It was liquidated on November 20, 1906, and additional duties paid. Subsequently on March 20, 1907, a reliquidation was made to correct an error which had been discovered in the first liquidation. The only question presented here is whether or not the collector

has jurisdiction to reliquidate, more than a year having elapsed since the declaration for entry was filed with the entry clerk. Upon the argument reference was made to the following statutes:

Act June 22, 1874, c. 391, § 21, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986):

"That whenever any goods, wares, and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares, and merchandise shall have been liquidated and paid and such goods, wares and merchandise shall have been delivered to the owner, agent, or consignee, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and in the absence of protest by the owner, importer, agent or consignee, be final and conclusive upon all parties."

Act March 3, 1875, c. 136, § 1, 18 Stat. 469 (U. S. Comp. St. 1901, p. 1986):

This section prohibited the refunding of any moneys collected as duties unless in accordance with the judgment of a court, etc., its third proviso enacting:

"That this act shall not  *  *  *  prevent the correction of errors in liquidation, whether for or against the government, arising solely upon errors of fact discovered within one year from the date of payment."

The customs administrative act of June 10, 1890, "An act to simplify the laws relating to the collection of revenue," contains the following clause, in section 24:

"The Secretary of the Treasury is authorized to correct manifest clerical errors in an entry or liquidation for or against the United States, within one year from the date of such entry, but not afterwards." Chapter 407, 26 Stat. 131, 140 (U. S. Comp. St. 1901, pp. 1886, 1987).

The word "entry," in the acts of Congress, is used in two senses. In many of the acts it refers to the bill of entry, the paper or declaration which the importer files with the entry clerk. Occasionally it is used to denote, not a document, but the series of acts necessary to the entering of the goods, terminating with liquidation and payment. U. S. v. Legg, 105 Fed. 933, 45 C. C. A. 134, by this court, citing U. S. v. Cargo of Sugar, 3 Sawy. 46, Fed. Cas. No. 14,722, and U. S. v. Baker, 5 Ben. 251, Fed. Cas. No. 14,500. In the section last above quoted it is manifest that it is used in the first sense, for the act distinguishes between "entry" and "liquidation," and expressly sets the time of limitations running from the date of "such entry." Moreover, in the correction of "manifest clerical errors in any entry or liquidation," it would seem that the limitation must be the one provided in the statute which refers to them specifically and which is the latest legislative deliverance on that subject.

The error which it was sought to correct by reliquidation in this case belongs to that class. The invoice gave the dimensions of a piece of Brussels carpet, and the clerk who undertook to convert these dimensions into square yards (the tariff imposing duty per square yard) made a miscalculation, and reported that the piece contained only 29 square yards, when in fact it contained 56 square yards. Under the

limitation prescribed by the customs administrative act such correction by reliquidation can be made only within one year from the date of the original entry.

Decision affirmed.